UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN J. REID,

Plaintiff,

v.

FLINT MTA and JOHN DOE,

Defendants.
_____________________________/

Case No. 4:26-cv-14064

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

On October 23, 2026, Plaintiff Kevin J. Reid filed a complaint against Defendants Flint MTA and John Doe, an unknown Flint security guard, alleging violations of the Fourth and Fourteenth Amendments. On the same day, he also filed an application to proceed without prepaying fees or costs. (ECF No. 2). The Court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's complaint will be summarily

**DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

In his complaint, Plaintiff alleges that his claim is "for force Plaintiff alleges was objectively unreasonable under the Fourth Amendment during an arrest, investigatory stop, or other seizure." (ECF No. 1, PageID.2). The entirety of his allegations are as follows: "On or about October 23, 2023, Defendant MTA Security Guard used objectively unreasonable force against Plaintiff...during a seizure of Plaintiff's person, causing severe physical injuries, emotional distress, and other damages." (*Id*.). "Plaintiff contends that the unreasonable force against him was in furtherance of a deliberate plan, plot, scheme or conspiracy to prevent him...from obtaining the benefit of contractual, Constitutional and statutory rights he had been wrongfully

deprived for more than 35 years, in violation of the 14th Amendment to the U.S. Constitution." (*Id.*). "Venue is proper under 28 U.S.C. $ 1391(b) because an MTA driver pointed at Plaintiff after he loaded his bicycle onto the front of the bus and entered the bus and exclaimed 'You're not going to ride my bus!" Plaintiff simply pointed back at the driver in a non-offensive manner and replied: This is public transportation and I'm the public." Consequently, Defendant Security Guard jumped on the bus and exclaimed: "Now I can do something!" (*Id.*).

Plaintiff's allegations do not give any indication of the facts underlying his Fourth or Fourteenth Amendment claims beyond the date and an interaction which he says preceded the unspecified Fourth Amendment violation. He also does not elaborate on the alleged "scheme" against him, which he says deprived him of his rights for the last 35 years. In total, the Court has no indication of what rights Plaintiff alleges were deprived by the unspecified conspiracy against him, or of the factual circumstances surrounding the alleged unreasonable force. A complaint must allege facts establishing that the plaintiff is entitled to relief, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has presented "naked assertions devoid of further

factual enhancement," which is insufficient. *Id.* (citation omitted). There are no facts included in the complaint that would lead the Court to draw a reasonable inference that Defendants are liable for violations of either the Fourth or Fourteenth Amendment. As such, Plaintiff's complaint must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date: November 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge